UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYAN J SHOLLENBERGER,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS et al,

    Defendants.

CASE NO. 3:21-cv-05102-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: August 6, 2021

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

    In this 42 U.S.C. § 1983 civil rights action, plaintiff alleges that defendants violated his constitutional and statutory rights by refusing to provide certain mental health medications. Dkt. 1 at 4–6. Defendants move for summary judgment, arguing that plaintiff's claims should be dismissed for failure to exhaust his administrative remedies. Dkt. 14.

REPORT AND RECOMMENDATION - 1

1    Defendants have established that the Department of Corrections ("DOC") Offender
2    Grievance Policy was available to plaintiff, and the attachments to plaintiff's complaint
3    demonstrate that plaintiff filed a grievance related to his claims in this case. Dkt. 5 at 8–10.
4    However, defendants have submitted unrebutted evidence that plaintiff did not fully exhaust his
5    appeals of that grievance—or any other grievance. Dkt. 15 at 4. Accordingly, plaintiff has failed
6    to fully exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). The Court
7    therefore recommends that defendants' motion for summary judgment be GRANTED and
8    plaintiffs' claims be DISMISSED with prejudice.

## BACKGROUND and PROCEDURAL HISTORY

10   Plaintiff Bryan J. Shollenberger, proceeding *pro se* and *in forma pauperis*, filed his
11   complaint on February 10, 2021. Dkt. 1. Plaintiff alleges that DOC and two medical providers
12   violated his rights under the Eighth Amendment and the Americans with Disabilities Act
13   ("ADA") by refusing to continue plaintiff's prescriptions for certain mental health medications
14   and instead requiring plaintiff to try different medications from DOC's formulary. Dkt. 5 at 4–5.
15   Plaintiff alleges that his previously prescribed medications are the only ones that are effective for
16   his condition. Dkt. 5 at 5. Plaintiff also alleges that DOC policies for distributing medications fail
17   to provide prisoners (such as plaintiff) in certain programs with opportunities to obtain their
18   medications. Dkt. 5 at 6. Plaintiff's complaint attaches a copy of an initial and a Level I
19   grievance—dated November 26, 2020 and February 2, 2021, respectively—in which plaintiff
20   contests the changes in his medications. Dkt. 5 at 8–10. Although the initial grievance contains a
21   handwritten notation stating "appeal filed," plaintiff has submitted no evidence that he appealed
22   this grievance beyond Level I, through the additional levels available under DOC's program. *Id*.
23
24

1  Defendants submitted evidence that the DOC Inmate Grievance Program[1] provides for
2  four levels of review—an informal level (Level 0) and three formal levels (Levels I, II and III).
3  Dkt. 15 at ¶ 9; Dkt. 15-1 at 19. If a grievance is not resolved informally and is considered
4  grievable, it moves to Level I, where the grievance coordinator investigates and provides a
5  response. *Id*. Grievants have five days to appeal the determination to Level II, where the
6  Superintendent or a designee investigates and responds to the grievance. Dkt. 15 at ¶ 9; Dkt. 15-1
7  at 19, 21. If a grievant is not satisfied with the Level II response, he has five days to appeal to
8  Level III, where DOC Headquarters staff investigate and respond to the grievance. *Id*.
9  Defendants' records show that plaintiff filed 12 complaints within the DOC grievance system
10 between November 26, 2020 and March 31, 2021, but plaintiff has not pursued any of them to
11 Level III. Dkt. 15 at ¶ 11.

12  Defendants filed their motion for summary judgment, together with the Declaration of
13 Carol Smith and a Rand Notice, on May 24, 2021. The Clerk of the Court received a notice that
14 plaintiff was no longer housed at the Washington Corrections Center, and re-directed service of
15 defendants' moving papers to plaintiff's current institution, Airway Heights Corrections Center,
16 on May 25, 2021. Dkts. 18, 19, 20. Plaintiff has not responded to defendants' motion. However,
17 because plaintiff is *pro se*, the Court "must consider as evidence in his opposition to summary
18 judgment all of [plaintiff's] contentions offered in motions and pleadings, where such
19 contentions are based on personal knowledge and set forth facts that would be admissible in

---

[1] Defendants have provided copies of both the Inmate Grievance Program applicable from August 1, 2016 to March 2, 2021, and the Resolution Program Manual—a revised version applicable beginning March 31, 2021. Dkts. 15-1 and 15-2. Because this case was filed on February 10, 2021, during the applicability of the Inmate Grievance Program, the Court refers to and uses the terminology of that program.

REPORT AND RECOMMENDATION - 3

evidence, and where [plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

## STANDARD OF REVIEW

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute over the material facts before the court and the moving party is entitled to judgment as a matter of law. *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1136 (9th Cir. 1975), *overruled on other grounds by Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990). The moving party is entitled to summary judgment if the evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). To determine if summary judgment is appropriate, the court must consider whether particular facts are material and whether there is a genuine dispute as to the material facts left to be resolved. Fed. R. Civ. P. 56(c). When presented with a motion for summary judgment, the court shall review the pleadings and evidence in the light most favorable to the nonmoving party, *Anderson*, 477 U.S. at 255 (citation omitted), and "a pro se complaint will be liberally construed . . . ." *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (other citation omitted).

Once the moving party has carried its burden under Fed. R. Civ. P. 56, the party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The opposing party cannot rest solely on his pleadings but must produce significant, probative evidence in the form of affidavits, and/or admissible discovery material that would allow a reasonable jury to find in his favor. *Id.* at n.11; *Anderson*, 477 U.S. at 249–50. In other words, the purpose of summary judgment "is not to replace conclusory allegations of the complaint or

answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). However, weighing of evidence and drawing legitimate inferences from facts are jury functions, and not the function of the court. *See United Steel Workers of America v. Phelps Dodge Corps.*, 865 F.2d 1539, 1542 (9th Cir. 1989).

## DISCUSSION

**A.  Failure to Exhaust**

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), requires that prisoners seeking to bring Section 1983 claims must first exhaust their administrative remedies:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C § 1997e(a). Exhaustion is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). All "available" remedies must be exhausted. *Id.* Exhaustion must be proper, meaning the prisoner must complete the administrative review process in accordance with the applicable rules. *Woodford v. Ngo*, 548 U.S. 81, 92–95 (2006). Plaintiffs must file an appeal and exhaust all administrative appeals; they must also do so in a timely manner. *Id*. at 94. If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Defendants bear the initial burden of showing there was an available administrative remedy and plaintiff did not exhaust that remedy. *Albino v. Baca*, 747 F.3d 1162, (9th Cir. 2014) (en banc). If that showing is made, the burden shifts to plaintiff, who must either demonstrate he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. at 1172; *see also Ross v. Blake,* 136 S. Ct. 1850, 1859–60 (2016) (setting forth examples of when administrative remedies would be unavailable).

Defendants have established that DOC has an Offender Grievance Program and that plaintiff is not only aware of the program but has used it multiple times. Dkt. 15 at ¶¶ 5, 11. They have also introduced evidence that plaintiff has not appealed any of his grievances to Level III. Defendants have met their initial burden to establish that plaintiff has not properly exhausted his administrative remedies.

Plaintiff did not respond to defendants' motion to summary judgment, even though he was provided with a notice, pursuant to *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998), that warned him of the necessity to file opposing materials and evidence. Plaintiff was warned that:

> you must file a response opposing the motion within by the Monday before the noting date listed in the caption of the motion, or within such other time period set by the Court. Your response must consist of (1) a brief opposing the motion, not to exceed 24 pages in length, and (2) evidence supporting your claims, such as admissions from the other party, affidavits, declarations, deposition transcripts, or answers to interrogatories that contradict or oppose the moving party's motion and support your claims. . . . If the party you are suing meets its burden under Rule 56 by submitting affidavits or other sworn testimony, <u>you cannot rely only on what your complaint says</u>. Instead, you must provide specific facts using the type of evidence set forth above. The evidence must show that there is a genuine issue of material fact that requires a factfinder (usually a jury) to decide the disputed facts.

Dkt. 16 at 1–2 (emphasis in original). Notwithstanding this warning, plaintiff has not submitted any materials responding to defendants' arguments or rebutting their evidence.

Plaintiff's complaint attached copies of grievances he filed at Levels 0 and I (Dkt. 5 at 8, 9), but plaintiff submitted no evidence that he engaged in any of the further levels of appeal provided by the Offender Grievance Program. Plaintiff's Level 0 grievance contains a handwritten note referring to an "appeal," which would be consistent with the existence of the Level I grievance also attached to the complaint. Dkt. 5 at 8, 9. But plaintiff has not submitted any documentation evidencing any further appeals. In particular, plaintiff has not rebutted defendants' statement that he has filed no Level III appeals. Dkt. 15 at ¶11. Furthermore, the time periods for filing any appeals at Levels II and III have passed. Dkt. 15-1 at 21.

In short, the undisputed evidence demonstrates that plaintiff has failed to properly exhaust his administrative remedies by timely pursuing all available grievance appeals. *Woodford*, 548 U.S. at 92–95. Plaintiff's claims should therefore be dismissed for failure to exhaust his administrative remedies.

**B.     Dismissal with Prejudice**

Defendants request that plaintiff's claims be dismissed with prejudice.

Ordinarily, failure to exhaust administrative remedies "is properly treated as a curable defect and should generally result in a dismissal without prejudice." *City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009), as amended (Aug. 20, 2009*)* (citing *O'Guinn v. Lovelock Corr. Ctr.* 502 F.3d 1056, 1063 (9th Cir. 2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119–20 (9th Cir. 2003), *overruled on other grounds by Albino*, 747 F.3d at 1166. However, leave to amend is not required where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182, (1962); *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002). Accordingly, summary judgment, rather than dismissal with leave to amend, is appropriate where a plaintiff has failed to exhaust and a new or corrected grievance would be time-barred. *Manley v. Rowley*, 847 F.3d 705, 712 (9th Cir. 2017). This is because the inability to correct an improper grievance renders it impossible for a plaintiff to cure the fatal defect at issue in a failure to exhaust administrative remedies. *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005) (construing summary judgment for failure to exhaust as a final action because the defect found by the court could not be cured).

Here, the time within which plaintiff could file Level II or Level III appeals of his grievances has long since passed. Thus, plaintiff cannot comply with his exhaustion requirements and it would be futile to permit any amendment of his complaint. This matter should therefore be dismissed with prejudice. *Manley*, 847 F.2d at 712.

## CONCLUSION

The undersigned recommends that defendants' motion for summary judgment (Dkt. 14) be **GRANTED;** plaintiff's claims should be **DISMISSED with prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August 6, 2021, as noted in the caption.

Dated this 19th day of July, 2021.

J. Richard Creatura
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 8