UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYAN J. SHOLLENBERGER, | CASE NO. C21-5102 BHS |
| Plaintiff, | |
| v. | ORDER DECLING TO ADOPT REPORT & RECOMMENDATION AND GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINE |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al. | |
| Defendants. | |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 21, and Plaintiff Bryan Shollenberger's motion for relief from deadline, Dkt. 22.

Shollenberger, proceeding pro se and *in forma pauperis*, brings this action against Defendant Washington State Department of Corrections ("DOC") and Defendants Carlson and T. Abraha, two DOC medical providers. Dkt. 5. He alleges that Defendants violated his rights under the Eighth Amendment and the Americans with Disabilities Act by refusing to continue his prescriptions for certain mental health conditions and instead requiring him to try different medications. *Id.*

ORDER - 1

1    On May 24, 2021, Defendants moved for summary judgment. Dkt. 14. Shollenberger did not respond. On July 19, 2021, Judge Creatura issued the instant R&R, concluding that Shollenberger failed to exhaust his administrative remedies and recommending that the action be dismissed with prejudice. Dkt. 21.

On July 28, 2021, Shollenberger filed a motion for relief from deadlines and requested an extension to respond to Defendants' motion for summary judgment. Dkt. 22. He asserts that he was relocated in May to the Airway Heights Correction Center ("AHCC") and that he did not have access to a law library or computer while at AHCC, which precluded his response. *Id.* He requests an additional sixty to ninety days to respond. *Id.*

Defendants responded to Shollenberger's motion, arguing that the Court should deny his motion for relief. Dkt. 24. They assert that Shollenberger was transferred to AHCC on or about April 28, 2021. *Id.*; *see also* Dkt. 25-1, Ex. A, at 2. And they further assert that Shollenberger could have requested access while housed at AHCC. *See* Dkt. 25-1, Ex. B, at 13. Alternatively, Defendants argue that, even if Shollenbeger was given an extension of time, nothing would fix the fact that he did not exhaust his remedies. Dkt. 24 at 3–4. They urge the Court to deny Shollenberger's motion and to adopt the R&R.

A court may, for good cause, extend the time to respond after time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). To show excusable neglect, a party must show "good faith" and a "reasonable basis" for not complying with a deadline. *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994) (citing *In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1290 (10th Cir. 1974)). Importantly,

Rule 6(b)(1) is "liberally construed to effectuate the general purpose of seeing that cases are tried on their merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (citations omitted). As a result, requests for extensions of time that are determined under the good cause standard should "normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* at 1259.

Here, Shollenberger's representation that he could not timely respond to Defendants' motion for summary judgment because of his transfer to AHCC and inability to access the law library is contradicted by Defendants. Based on Defendants' evidence, Shollenberger was transferred to AHCC prior to the filing of their motion for summary judgment and he could have accessed the law library while housed at AHCC. But it is unclear whether it was communicated to Shollenberger that he could have requested access to the law library and whether he was timely delivered Defendants' motion for summary judgment.

The Court does not find there to be bad faith on the part of Shollenberger nor prejudice to Defendants. They assert that there are no questions of material fact that Shollenberger did not exhaust his remedies, and they would not be prejudiced in allowing Shollenberger to respond to this argument. Indeed, the R&R concluded that Defendants had met their initial burden of showing there was an available administrative remedy and Shollenberger did not exhaust that remedy. Dkt. 21 at 5–6 (citing, *inter alia*, *Albino v. Baca*, 747 F.3d 1161, 1172 (9th Cir. 2014) (en banc)). It is now Shollenberger's burden to demonstrate that he exhausted his remedies or "come forward with evidence showing

1    that there is something in his particular case that made the existing and generally

2    available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at

3    1172. The Court warns Shollenberger, however, that failure to respond may result in the

4    dismissal of this action.

5        The Court having considered the R&R, Plaintiff's motion for relief from deadline,

6    and the remaining record, does hereby find and order as follows:

7        (1)    The Court **DECLINES** to adopt the R&R at this time;

8        (2)    Plaintiff's motion for relief from deadline, Dkt. 22, is **GRANTED**;

9        (3)    Plaintiff shall file his response to Defendants' motion for summary

10           judgment by November 15, 2021, and Defendants shall reply by November

11           19, 2021;

12       (4)    The Clerk shall renote Defendants' motion for summary judgment on the

13           Court's November 19, 2021 calendar; and

14       (5)    This matter is re-referred to Judge Creatura for further consideration.

15   Dated this 5th day of October, 2021.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4