UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYAN J SHOLLENBERGER,<br><br>               Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>               Defendants. | CASE NO. 3:21-cv-05102-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: January 7, 2022 |

      The District Court has referred this 42 U.S.C. § 1983 civil rights action to Chief United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4. This matter is before the Court on defendant's motion for summary judgment. Dkt. 14.

      Plaintiff, who is proceeding *pro se*, initiated this action while he was incarcerated and alleges that defendants violated his constitutional and statutory rights by refusing to provide certain mental health medications. Defendants moved for summary judgment based on plaintiff's failure to exhaust the administrative remedies available to him before filing the lawsuit. Plaintiff

REPORT AND RECOMMENDATION - 1

argues that the administrative remedies were effectively not available to him because he did not receive responses to his grievances after he was transferred to a new facility. However, plaintiff has not presented any evidence to rebut defendants' evidence that plaintiff received responses to his grievances before he was transferred and that he filed this lawsuit before exhausting the administrative remedies. Plaintiff also appears to have been released from prison in August 2021, which precludes him from filing new grievances.

Therefore, defendants' motion for summary judgment should be granted and plaintiff's claims should be dismissed with prejudice.

## BACKGROUND

Plaintiff, proceeding *pro se*, initiated this lawsuit on February 10, 2021, and alleges that defendants violated his rights under the Eighth Amendment and the Americans with Disabilities Act when they refused to continue his prescriptions for certain mental health medications and instead required him to try different medications. Dkt. 5. On May 24, 2021, defendants moved for summary judgment and argued that plaintiff failed to exhaust the administrative remedies available to him before he filed this lawsuit. Dkt. 14. Plaintiff did not respond to defendants' motion. On July 19, 2021, this Court recommended that defendants' motion be granted and that plaintiff's claims be dismissed with prejudice. Dkt. 21.

On July 28, 2021, plaintiff filed objections to the report and recommendation and requested an extension of time to respond to defendants' motion for summary judgment. Dkt. 24. On October 5, 2021, the District Court declined to adopt the report and recommendation and granted plaintiff an opportunity to respond to defendants' motion. Dkt. 26. The District Court stated that it is plaintiff's burden to demonstrate that he exhausted his remedies or that the

remedies were effectively unavailable to him. *Id.* at 3. Plaintiff filed his response on November 15, 2021, and defendants filed a reply on November 19, 2021. Dkts. 28–30.

## DISCUSSION

Summary judgment is appropriate if a moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that it believes demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party has met its burden, the burden shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Id.* at 324. Where a genuine dispute of material fact exists, the court draws reasonable inferences in favor of the non-moving party. *Tolan v. Cotton*, 572 U.S. 650, 659 (2014). "The mere existence of a scintilla of evidence" is insufficient to raise a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). When the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Because plaintiff is *pro se*, in ruling on the motion for summary judgment, the Court will consider all of plaintiff's contentions offered in verified pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where plaintiff attested under penalty of perjury that the contents of the verified pleadings are true and correct. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). However, to the extent that plaintiff relies on conclusory statements, unsupported conjecture, and allegations based merely

on belief, such are insufficient to create a genuine, material issue of fact. *See Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

**I.   Exhaustion**

The Prison Litigation Reform Act ("PLRA") mandates that prisoners exhaust all available administrative remedies before they file a suit under § 1983. *See* 42 U.S.C. § 1997e(a); *Akjtar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012). A court must dismiss a prisoner's claim if the claim is unexhausted. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). The defendant has the initial burden to prove that the prisoner had an available administrative remedy that he did not exhaust. *See Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). If the defendant meets that burden, it then shifts to the plaintiff to show that "there is something in his particular case that made existing and generally available administrative remedies effectively unavailable to him." *Id.* Furthermore, exhaustion must occur before litigation, not during. *See McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002).

Here, the defendants have met their burden. Defendants provided the Court with the relevant offender grievance program and two grievances that plaintiff filed and never appealed to the final level. *See* Dkts. 15-1, 30-1. This proves that plaintiff knew about the grievance program, began its process, but never followed through to finality. Thus, the burden shifts to plaintiff to prove that the program was effectively unavailable to him.

In his response, plaintiff argues that he was denied the opportunity to appeal his two grievances "in December 2020" because he did not receive responses to his level I appeal. *See* Dkt. 28, at 2. He alleges that the two grievances "did not follow" him when he was transferred to a new facility, and that, in April 2021, he met with a "grievance coordinator" at his new facility who informed him that the two grievances from December 2020 were returned to him and that

1 | the opportunity to appeal had passed. *Id.* According to plaintiff, it was "[a]t this point [that] the
2 | administrative remedy for suit was denied by an authority within the administrative resolution
3 | program, exhausting the possibility of a remedy by the Washington Department of Corrections
4 | []." *Id.*

5 |       Plaintiff has not met his burden. First, plaintiff has not submitted any evidence to rebut
6 | defendants' evidence, and he merely relies on conclusory statements regarding the unavailability
7 | of the grievance program. Dkt. 28, at 2. Second, uncontroverted evidence submitted by
8 | defendants shows that a grievance coordinator responded to plaintiff's grievance before he was
9 | transferred to a new facility. Plaintiff filed Grievance No. 20717329 on November 26, 2020 and
10 | received a response on December 8, 2020. Dkts. 5, at 8, 30-1, at 2. Plaintiff then appealed this
11 | grievance to level I on February 2, 2021. *See* Dkt. 5, at 9, 30-1, at 3. According to defendant's
12 | grievance program manual, a grievance coordinator had to respond to plaintiff's grievance within
13 | ten working days. *See* Dkt. 15-1, at 21. That meant that plaintiff had to receive a response by
14 | February 16, 2021. However, plaintiff initiated this lawsuit on February 10, 2021. *See* Dkt. 1.
15 | Regardless of what facility he was at, plaintiff did not wait for the administrative process to run
16 | its course before he filed this lawsuit. Therefore, plaintiff has not met his burden to establish that
17 | he was effectively denied the opportunity to appeal his grievance *before* he filed this case.

18 |       Plaintiff fares no better regarding the second grievance. He filed Grievance No.
19 | 20719006 on December 10, 2020 and the grievance coordinator responded on December 22,
20 | 2020. *See* Dkt. 30-1, at 6. This was well before plaintiff was transferred to a new facility in
21 | February 2021. Dkt. 28, at 2. Plaintiff has not provided anything to rebut defendant's evidence
22 | that plaintiff did not appeal this grievance to level I. *See* Dkt. 30-1, at 6.

23
24

1     Finally, the point in time which plaintiff says he realized that the administrative program
2 was effectively denied occurred months after he had filed this lawsuit. Again, plaintiff initiated
3 this lawsuit on February 10, 2021, but alleges that he realized the administrative remedy was
4 being denied in April 2021. *See* Dkt. 28, at 2.

5     Concluding, plaintiff has failed to overcome his burden to show that the grievance
6 program was effectively unavailable to him before he filed his lawsuit.

7     **II.    Prejudice**

8     Ordinarily, failure to exhaust administrative remedies "is properly treated as a curable
9 defect and should generally result in a dismissal without prejudice." *City of Oakland, Cal. v.*
10 *Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009), as amended (Aug. 20, 2009*)* (citing *O'Guinn*
11 *v. Lovelock Corr. Ctr.* 502 F.3d 1056, 1063 (9th Cir. 2007). However, leave to amend is not
12 required where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182, (1962).
13 Accordingly, summary judgment, rather than dismissal with leave to amend, is appropriate
14 where a plaintiff has failed to exhaust and a new or corrected grievance would be time-barred.
15 *Manley v. Rowley*, 847 F.3d 705, 712 (9th Cir. 2017). This is because the inability to correct an
16 improper grievance renders it impossible for a plaintiff to cure the fatal defect at issue in a failure
17 to exhaust administrative remedies. *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005)
18 (construing summary judgment for failure to exhaust as a final action because the defect found
19 by the court could not be cured).

20     Here, as the Court previously noted (Dkt. 21, at 7), the time to appeal either of the
21 relevant grievances has long passed. Plaintiff also appears to have been released on August 5,
22 2021, which means that he can no longer file new grievances. *See* Dkts. 22, at 2, 28, at 6.

23

24

1  Therefore, it would be futile to permit plaintiff to amend his complaint, and this matter should be
2  dismissed with prejudice.

## CONCLUSION

4  The undersigned recommends that defendants' motion for summary judgment (Dkt. 14)
5  be **granted;** plaintiff's claims should be **dismissed with prejudice.**
6  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
7  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
8  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
9  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those
10 objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*
11 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
12 imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 7,**
13 **2022,** as noted in the caption.
14 Dated this 21st day of December, 2021.

J. Richard Creatura
Chief United States Magistrate Judge