UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYAN J. SHOLLENBERGER,<br><br>        Plaintiff,<br><br>  v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Defendants. | CASE NO. C21-5102 BHS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

THIS MATTER is before the Court on pro se plaintiff Bryan Shollenberger's Motion for Reconsideration, Dkt. 34, of the Court's Order, Dkt. 32, adopting Magistrate Judge Creatura's Report and Recommendation ("R&R"), Dkt. 31, granting Defendants' motion for summary judgment, Dkt. 14, and dismissing Shollenberger's complaint with prejudice. Shollenberger did not timely object to the R&R under Federal Rule of Civil Procedure 72(b)(3), but the Court will construe his Motion for Reconsideration as an objection to the R&R.

Shollenberger, a former inmate, sued claiming Defendants had violated his Eighth Amendment rights and the Americans with Disabilities Act by failing to provide him

ORDER - 1

mental health medications. *See* Dkt. 5. Judge Creatura's R&R recommended granting Defendants' summary judgment motion because Defendants had demonstrated that Shollenberger had not exhausted his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Dkt. 31 at 4.

Shollenberger's Motion for Reconsideration alleges that he *did* exhaust his administrative remedies and that with additional time he can demonstrate that fact. However, this Court has already permitted Shollenberger additional time to respond to the underlying motion. *See* Dkt. 26.

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Objections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge. *See, e.g.*, *Fix v. Hartford Life & Accident Ins. Co.*, CV 16–41–M–DLC–JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases).

The Court will not permit Shollenberger additional time to obtain the evidence he has needed since May 2021, when the summary judgment motion was first filed. The R&R's determination that Defendants demonstrated that Shollenberger had not administratively exhausted his claims as a matter of law was and is correct.

1  Shollenberger's Objections, Dkt. 34, to the R&R are over-ruled, and the Court will not

2  reconsider its Order adopting that R&R. The case remains closed.

3  **IT IS SO ORDERED.**

4  Dated this 2nd day of March, 2022.

BENJAMIN H. SETTLE
United States District Judge